UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

YAIR ISRAEL BABAYOFF,

        Appellant,

v.

FRED STEVENS *et al*,

        Appellees.

**MEMORANDUM & ORDER**
22-CV-252 (HG)

**HECTOR GONZALEZ**, United States District Judge:

Debtor-Appellant Yair Israel Babayoff ("Debtor") commenced this proceeding as an appeal of an order by the U.S. Bankruptcy Court for the Eastern District of New York. ECF No. 1. Specifically, Debtor is appealing the Bankruptcy Court's denial of a motion to remove the trustee appointed for his Chapter 7 bankruptcy proceeding. ECF No. 1-2. This Court has jurisdiction, pursuant to 28 U.S.C. § 158, "to hear appeals" of certain types of Bankruptcy Court orders, but only such orders "of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under [28 U.S.C. § 157]." 28 U.S.C. § 158(a).

Debtor has filed multiple letters discussing an administrative proceeding commenced by the New York Department of Financial Services related to an insurance policy that a non-party to Debtor's Chapter 7 bankruptcy proceeding allegedly purchased from Debtor. *See* ECF Nos. 6–7. Debtor alleges that the hearing is based on alleged conduct that overlaps with a state criminal prosecution in New Jersey. *Id.* In Debtor's letters, he asks the Court to stay the hearing and to appoint *pro bono* counsel to represent him during the hearing. *Id.* Debtor has offered no explanation as to how the hearing is related at all to his bankruptcy proceeding that is the subject of this appeal.

The relief Debtor requests in his letter exceeds the scope of jurisdiction granted to the Court via the statute that authorizes the Court to hear Debtor's bankruptcy appeal. 28 U.S.C. § 158(a). The Court therefore denies Debtor's request for relief on that basis. To the extent that there is any conceivable connection between Debtor's bankruptcy proceeding and the hearing about which Debtor complains, Debtor's request to stay that hearing is certainly not a challenge to a final order of the Bankruptcy Court. Accordingly, to the extent the Court has any jurisdiction to consider Debtor's request for relief, by liberally interpreting it as a challenge related to an interlocutory order of the Bankruptcy Court, such jurisdiction is entirely discretionary. *See 2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-cv-1278, 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021) (explaining that appeals from interlocutory bankruptcy court orders are governed by "the standards articulated by" 28 U.S.C. § 1292(b)). The Court therefore holds, in the alternative, that even if it could exercise jurisdiction over Debtor's request for relief, it would exercise its discretion to decline to exercise such jurisdiction.

## CONCLUSION

For the reasons set forth above, the Court DENIES Debtor's request to stay a hearing scheduled by the New York Department of Financial Services and to appoint *pro bono* counsel to represent him during that hearing.

SO ORDERED.

                                               */s/ Hector Gonzalez*
                                                  HECTOR GONZALEZ
                                                  United States District Judge

Dated: Brooklyn, New York
        May 3, 2023