UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

23-CV-252 (RER)
_____

Y<small>AIR</small> I<small>SRAEL</small> B<small>ABAYOFF</small>,

A<small>PPELLANT</small>,

<small>VERSUS</small>

F<small>RED</small> S<small>TEVENS</small>, *<small>ET AL</small>.*,

A<small>PPELLEES</small>.
_____

**MEMORANDUM & ORDER**

April 25, 2024
_____

**RAMÓN E. REYES, JR., United States District Judge:**

      Pursuant to 28 U.S.C. § 158, Yair Israel Babayoff ("Appellant" or "Babayoff") appeals pro se from the December 29, 2022 Order of the United States Bankruptcy Court for the Eastern District of New York in *In re: Yair Israel Babayoff aka Yaher Israel Babayoff*, No. 09-40780 (NHL) (the "Order Denying Removal"). (ECF No. 1). The Order Denying Removal denied Babayoff's motion to remove Fred Stevens ("Appellee" or "Stevens") as the successor Chapter 7 Trustee of Babayoff's bankruptcy estate. (ECF No. 1-2.)[1] The reader's familiarity with the factual background, procedural history in both the Bankruptcy Court and this Court, and the parties' arguments on appeal are assumed. (See, e.g., ECF Nos. 1-1, 8, 10). As discussed below, the appeal is dismissed.

---

[1] The United States Trustee, William K. Harrington, is also an appellee.

1

First, Babayoff lacks standing to bring this appeal.[2] "Because standing is jurisdictional under Article III . . . it is a threshold issue in all cases since putative plaintiffs lacking standing are not entitled to have their claims litigated in federal court." *Shearson Lehman Hutton, Inc. v. Wagoner*, 944 F.2d 114, 117 (2d Cir. 1991) (citation omitted); *see also Mahon v. Ticor Title Ins.*, 683 F.3d 59, 62 (2d Cir. 2012) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). "The burden to establish standing remains with the party claiming that standing exists." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995). "[T]o have standing to appeal from a bankruptcy court ruling, an appellant must be a person aggrieved—a person directly and adversely affected pecuniarily by the challenged order of the bankruptcy court." *In re Barnet*, 737 F.3d 238, 242 (2d Cir. 2013) (internal quotation omitted). A Chapter 7 debtor, such as Babayoff, "is a 'party in interest' and has standing to object to a sale of the assets, or otherwise participate in litigation surrounding the assets of the estate, *only if there could be a surplus after all creditors' claims are paid*." *In re 60 E. 80th St. Equities, Inc.*, 218 F.3d 109, 115 (2d Cir. 2000) (emphasis added); *see also In re Licata*, 659 F. App'x 704, 706 (2d Cir. 2016). Nowhere in any of his submissions to this Court does Babayoff establish even a reasonable possibility that the bankruptcy trustee could produce a surplus for the estate. (ECF Nos. 3, 5, 6, and 7). Accordingly, Babayoff lacks standing to pursue this appeal.

---

[2] Federal courts are courts of limited jurisdiction "and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 616 (2d Cir. 2019) (internal quotation marks and citation omitted). "Under Article III of the U.S. Constitution, '[t]he judicial Power of the United States' extends only to certain 'Cases' and 'Controversies.'" *Lacewell v. Off. of Comptroller of Currency*, 999 F.3d 130, 141 (2d Cir. 2021) (quoting U.S. Const. art. III §§ 1–2). "One element of the case-or-controversy requirement is that plaintiffs must establish that they have standing to sue." *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 408 (2013) (internal citation and quotation marks omitted).

Second, and perhaps most importantly, the appeal is moot.[3] "A case becomes moot 'when it is impossible for a court to grant any effectual relief whatever to the prevailing party.'" *In re Speer*, 771 F. App'x 25, 27 (2d Cir. 2019) (summary order) (quoting Campbell-Ewald Co. v. Gomez, 136 S. Ct. 663, 669 (2016)). "In a bankruptcy case, mootness can also be based on 'jurisdictional and equitable considerations stemming from the impracticability of fashioning fair and effective judicial relief.'" *Id.* (quoting *AmeriCredit Fin. Servs., Inc. v. Tompkins*, 604 F.3d 753, 755 (2d Cir. 2010)). Quite simply, it would be impracticable to fashion fair and effective judicial relief because Babayoff's Chapter 7 bankruptcy has concluded, all funds in the estate have been disbursed, Babayoff has received a discharge, and Stevens has been discharged as Trustee of the estate. (Bk. Dkt. Nos. 484, 486, and 492). No purpose would be served by replacing a trustee that has already completed his duties and has been discharged.[4]

Third, the Order Denying Removal is not a final, appealable order. District courts are vested with jurisdiction over bankruptcy appeals pursuant to 28 U.S.C. § 158. Jurisdiction is generally limited to "appeals from all *final* decisions, judgments, orders, and decrees." *Bowers v. Connecticut Nat. Bank*, 847 F.2d 1019, 1021 (2d Cir. 1988) (citing 28 U.S.C. § 158(a) (emphasis added)). Although the Second Circuit has not addressed this issue, several courts have acknowledged that denials of motions to remove bankruptcy trustees are not final, appealable orders under 28 U.S.C. § 158. *E.g.*, *In re Regan*, No. 21-CV-1231 (BKS), 2022 WL 16744175, at *5 (N.D.N.Y. Nov. 7, 2022); *see also In re SK*

---

[3] The mootness doctrine arises from the constitutional requirement that Article III courts hear only live cases and controversies. *Mills v. Green*, 159 U.S. 651, 653 (1895).

[4] Babayoff did not seek a stay of the bankruptcy proceedings during the pendency of this appeal.

*Foods, L.P.*, 676 F.3d 798, 802 (9th Cir. 2012); *In re Truong,* 513 F.3d 91, 94 (3d Cir. 2008); *Smith–Scott v. Liebmann*, No. BR 14–25022, 2016 WL 1084127, at *2 (D.Md. Mar. 18, 2016); *In re E. Livestock Co., LLC*, No. 4:12–cv–00126–TWP–WGH, 2013 WL 4479080, at *4 (S.D.Ind. Aug. 20, 2013).[5] I agree with Judge Sannes' reasoning in *In re Regan* and find that the Order Denying Removal is not a final, appealable order. 2022 WL 16744175, at *5. In addition, and although interlocutory orders of bankruptcy courts may be appealed to the district courts "with leave of the court," 28 U.S.C. § 158(a)(3), there are no grounds to do so here.[6] In that regard, Babayoff's appeal is dismissed for lack of appellate jurisdiction.

Fourth, Babayoff has failed to comply with Federal Rule of Bankruptcy Procedure 8009, which requires that he file in the bankruptcy court a designation of items to include in the record and a statement of issues on appeal. Fed. R. Bankr. P. 8009(a)(1). Filing a designation of record and statement of issues on appeal is mandatory. *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005). On January 13, 2023, the Bankruptcy Court advised

---

[5] *But see In re Miller*, 302 B.R. 705, 708 (10th Cir. B.A.P. 2003) (assuming denial of motion to remove trustee is a final, appealable order); *In re Alexander,* 289 B.R. 711, 714 (8th Cir. BAP 2003) (same); *In re Schultz Mfg. Fabricating Co.,* 956 F.2d 686, 691–92 (7th Cir. 1992) (same).

[6] Unlike an appeal of a final bankruptcy order, which can be taken as of right, an appeal from an interlocutory order may only be taken with leave of the court. *See* 28 U.S.C. § 158(a)(3) ("The district courts of the United States shall have jurisdiction to hear appeals with leave of the court . . . from other interlocutory orders."). When deciding whether to grant leave to appeal from an interlocutory order, "[c]ourts in this Circuit have invariably held" that the Court "should refer to the standards articulated by Section 1292(b)." *Barcelona Cap., LLC v. Neno Cab Corp.*, 648 B.R. 578, 586 (E.D.N.Y. 2023) (quoting *2178 Atl. Realty LLC v. 2178 Atl. Ave. Hous. Dev. Fund Corp.*, No. 20-CV-1278 (RRM) (RER), 2021 WL 1209355, at *3 (E.D.N.Y. Mar. 30, 2021)). Accordingly, in deciding whether to grant leave to this interlocutory appeal, this Court considers whether the matter involves (1) "a controlling question of law," (2) "as to which there is a substantial ground for difference of opinion," and whether (3) "an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see generally In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003) ("[A] district court has discretionary appellate jurisdiction over an interlocutory order of a bankruptcy court."). Each of the requirements set forth in 28 U.S.C. § 1292(b) "must be met for a Court to grant leave to appeal." *In re Poseidon Pool & Spa Recreational, Inc.*, 443 B.R. 271, 275 (E.D.N.Y. 2010). Having considered these requirements, the Court finds that Appellant has failed to establish this Court's jurisdiction to hear an appeal from an admittedly interlocutory order of the Bankruptcy Court.

Babayoff of his duty to designate the record and identify the issues on appeal. (ECF No. 1-5). On February 16, 2023, this Court again reminded Babayoff of these duties, notifying him that "[u]ntil the Court receives the bankruptcy record, the Court cannot address Appellant's appeal." (ECF Order dated Feb. 16, 2023). To date, Babayoff has not designated the record or filed a statement of issues on appeal, or demonstrated excusable neglect for failing to do so. Yet, in the interim, Babayoff has filed other applications with the Court on wholly unrelated matters (ECF Nos. 6 and 7; see also ECF No. 9), clearly showing indifference to his Rule 8009 obligations. For this reason alone, his appeal is dismissed. *In re Lynch*, 430 F.3d at 605 ("If a party fails to file a Designation and Statement on time . . . the appeal has to be at an end.").

Fifth, Babayoff has failed to comply with Federal Rule of Bankruptcy Procedure 8009, which requires that he file in the bankruptcy court a designation of items to include in the record and a statement of issues on appeal. Fed. R. Bankr. P. 8009(a)(1). Filing a designation of record and statement of issues on appeal is mandatory. *In re Lynch*, 430 F.3d 600, 603 (2d Cir. 2005). On January 13, 2023, the Bankruptcy Court advised Babayoff of his duty to designate the record and identify the issues on appeal. (ECF No. 1-5). On February 16, 2023, this Court again reminded Babayoff of these duties, notifying him that "[u]ntil the Court receives the bankruptcy record, the Court cannot address Appellant's appeal." (ECF Order dated Feb. 16, 2023). To date, Babayoff has not designated the record or filed a statement of issues on appeal, or demonstrated excusable neglect for failing to do so. Yet, in the interim, Babayoff has filed other applications with the Court on wholly unrelated matters (ECF Nos. 6 and 7; see also ECF No. 9), clearly showing indifference to his Rule 8009 obligations. For this reason alone,

his appeal is dismissed. *In re Lynch*, 430 F.3d at 605 ("If a party fails to file a Designation and Statement on time . . . the appeal has to be at an end.").

## **CONCLUSION**

For the reasons set forth above, the appeal is dismissed. The Clerk of the Court is respectfully directed to enter judgment and close the case, and mail a copy of this Memorandum & Order and the judgment to the Appellant at his address of record, and note such mailing on the docket.

SO ORDERED.

_____

RAMÓN E. REYES, JR.
United States District Judge

Dated: April 25, 2024
        Brooklyn, NY